**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

K. Hovnanian Companies, LLC

Plaintiff,

v.

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
20 Massachusetts Ave. NW,
Washington, D.C. 20529

Defendant.

Case No. ______________________

# **COMPLAINT**

## **Introduction**

1. This is an action brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et seq.*, seeking to hold unlawful and set aside the decision of the Vermont Service Center ("VSC") Director of United States Citizenship and Immigration Services ("USCIS") in File No. EAC1814650678 on February 6, 2018, denying K. Hovnanian Companies, LLC's ("K. Hovnanian" or "Petitioner" or "Plaintiff") Form I-129, Petition for Nonimmigrant Worker for the benefit of Mr. David Acosta Pinilla ("Mr. Acosta") on USCIS's legally erroneous, factually unfounded, and arbitrary conclusion that the job of Director, Visual Design offered to Mr. Acosta is not a specialty occupation warranting H-1B nonimmigrant visa classification.

2. Founded in 1959, K. Hovnanian is a real estate company with its headquarters located in Matawan, New Jersey. On April 3, 2018, K. Hovnanian filed an H-1B visa petition for the benefit of Mr. Acosta in order to employ him in the specialty occupation of Director, Visual

Design (Graphic Designer). Pursuant to the Immigration and Nationality Act (INA), a United States employer may sponsor a qualified noncitizen to temporarily "perform services … in a specialty occupation." 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1184(c). Employers sponsor qualified noncitizens by submitting Form I-129, Petition for Nonimmigrant Worker, with USCIS seeking H-1B classification for those noncitizens.

3. In the position of Director, Visual Design, Mr. Acosta would be employed and paid by K. Hovnanian in their New York, New York, office, and supervised by K. Hovnanian's Vice President of Architecture. As part of his job duties, Mr. Acosta would be responsible for conceptualizing, creating, designing, and executing virtual design solutions at the offices of K. Hovnanian located in New York, New York. *See* Exhibit A, Decision by USCIS, at 2-3 (listing the duties of the proffered position). In support of the initial visa petition and then in response to USCIS's Request for Evidence ("RFE"), K. Hovnanian submitted substantial documentation and evidence, including, *inter alia*, (1) a letter by Mr. Richard Rigsby, K. Hovnanian's Vice President of Architecture and Mr. Acosta's proposed superior; (2) a detailed job description listing all the duties and responsibilities associated with the position; (3) an expert opinion letter discussing the complexity of the job and the industry hiring standard; (4) an organizational chart demonstrating that Mr. Acosta is to supervise two Graphic Designers; (5) materials from authoritative DOL sources—the Bureau of Labor Statistics ("BLS") and its publication, Occupational Outlook Handbook ("OOH")—confirming the minimum educational level; and (6) evidence of Mr. Acosta's educational qualifications. *See* Exhibit B, RFE Response Letter, at 22 (listing exhibits contained in the RFE response packet).

4. On February 7, 2019, USCIS denied K. Hovnanian's H-1B visa petition. The agency found that K. Hovnanian had failed to establish that the position of Director, Visual Design,

which falls within the standard occupational classification of Graphic Designer, was a specialty occupation, i.e., one that requires a theoretical and practical application of a body of high specialized knowledge, and the attainment of a bachelor's degree or higher in the specific specialty (or equivalent thereof). *See* Exhibit A.

5. USCIS's denial of K. Hovnanian's H-1B petition is fundamentally flawed. USCIS flatly ignores critical evidence in the record, misapplies the applicable law, and misinterprets key facts. Such errors are contrary to the requirements for lawful adjudication under the APA and require remedy by this Court. It is vital that USCIS's erroneous determination in this case be rectified not just for K. Hovnanian and its prospective employee Mr. Acosta, but also because the issue is fundamental to the proper adjudication of the H-1B temporary worker visa program. Left unchecked by judicial review, USCIS can continue to arbitrarily and erroneously deny such petitions, contrary to governing immigration law and the APA.

## **Jurisdiction**

6. This Court has general federal question jurisdiction over the present action pursuant to 8 U.S.C. § 1331 because this is a civil action arising under the Constitution, laws, or treaties of the United States, specifically under INA, 8 U.S.C. § 1101, *et seq.*

7. Further, pursuant to APA, 5 U.S.C. § 702, *et seq.*, this Court has the authority to review final agency actions and decisions that result in a legal wrong or adverse impact.

8. Plaintiff may seek judicial review upon denial of its visa petition without any further administrative appeal. *See EG Enterprises, Inc. v. Dep't of Homeland Sec.*, 467 F. Supp. 2d 728, 733 (E.D. Mich. 2006) (exercising jurisdiction upon finding plaintiff was not required to appeal the denial of its H-1B visa petition to the Administrative Appeals Office prior to filing suit; noting USCIS concurrence); *Young v. Reno*, 114 F.3d 879 (9th Cir. 1997) (petitioner was not

required to appeal her visa revocation to the Board of Immigration Appeals prior to seeking review in district court).

**Venue**

9. Pursuant to 28 U.S.C. § 1391(e), venue is proper in the District of Columbia, where the Defendant resides and where USCIS is headquartered.

**Parties**

10. Plaintiff K. Hovnanian is a wholly-owned subsidiary of Hovnanian Enterprises, Inc. ("Hovnanian Enterprises"), a publicly traded company (NYSE: HOV). K. Hovnanian is one of the nation's largest homebuilders. The company designs, constructs, markets, and sells individual detached housing as well as higher-occupancy dwellings. K. Hovnanian's headquarters are located in Matawan, New Jersey, with several locations in New York and New Jersey. On February 7, 2019, USCIS denied K. Hovnanian's Form I-129 Petition for a Nonimmigrant Worker filed for the beneficiary, Mr. Acosta.

11. USCIS ("Defendant") is an agency of the United States government residing in the District of Columbia. Specifically, it is an agency within the U.S. Department of Homeland Security ("DHS"), an executive agency of the United States with responsibilities for administering the INA. USCIS operates various service centers, including VSC, within the United States that receive and adjudicate petitions submitted by U.S. employers, among other petitioners and applicants. Among the types of petitions it has the responsibility to adjudicate is the Form I-129 Petition for Nonimmigrant Worker, such as the one Plaintiff submitted on behalf of Mr. Acosta.

## **Legal Background**

12. A United States employer may file an H-1B visa petition for the benefit of a noncitizen worker. 8 U.S.C. § 1184(c). Regulations define the term "United States employer" to mean—

> a person, firm, corporation, contractor, or other association, or organization in the United States which:
>
> (1) Engages a person to work within the United States;
>
> (2) Has an employer-employee relationship with respect to employees under this part, as indicated by the fact that it may hire, pay, fire, supervise, or otherwise control the work of any such employee; and
>
> (3) Has an Internal Revenue Service Tax identification number.

8 C.F.R. § 214.2(h)(4)(ii).

13. An H-1B nonimmigrant employment visa allows a non-citizen to obtain temporary admission to the United States to "perform services … in a specialty occupation." 8 U.S.C. § 1101(a)(15)(H)(i)(b). A specialty occupation requires:

> (A) theoretical and practical application of a body of highly specialized knowledge, and
>
> (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

U.S.C. § 1184(i)(1).

To qualify as a specialty occupation, the position must meet one of the following criteria:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;

(2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

(3) The employer normally requires a degree or its equivalent for the position; or

(4) The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

8 C.F.R. § 214.2(h)(4)(iii)(A).

**Factual Allegations**

14. Plaintiff is a United States real estate company headquartered in Matawan, New Jersey, with additional locations in New York and New Jersey. K. Hovnanian designs, constructs, markets, and sells individual detached housing as well as higher-occupancy dwellings.

15. On April 3, 2018, K. Hovnanian filed a Form I-129 Petition for Nonimmigrant Worker for the benefit of Mr. Acosta in order to employ Mr. Acosta, a citizen and national of Colombia, in the position of Director, Visual Design. In that position, Mr. Acosta would be employed and paid by K. Hovnanian in its New York, New York office, and supervised by K. Hovnanian's Vice President of Architecture. There, as part of his job duties, Mr. Acosta would be responsible for conceptualizing, creating, designing, and executing virtual design solutions at the offices of K. Hovnanian. *See* Exhibit A at 2-3 (listing the duties of the proffered position). *See also* Exhibit B, RFE Response Letter, at 17-19 (containing the chart from the supervisor's letter listing the proposed duties, associated tasks, and tools). In support of its petition, K. Hovnanian provided a letter describing the position offered and the detailed associated job duties and

responsibilities, among other documents. In addition, K. Hovnanian submitted evidence establishing that Mr. Acosta is fully qualified for the position of Director, Visual Design. For example, K. Hovnanian submitted a copy of Mr. Acosta's Bachelor's degree in Industrial Design from Pontifical Xavierian University and the U.S. educational equivalency report.

16. On August 30, 2018, USCIS issued its RFE. In the RFE, USCIS noted that it found that the beneficiary will perform many of the duties of a Graphic Designer, as listed in the OOH. USCIS found that K. Hovnanian had not established that the position offered to Mr. Acosta was a specialty occupation because it concluded that the OOH indicated that the position of a Graphic Designer does not require a bachelor's level of education as a normal minimum for entry into the occupation. USCIS invited K. Hovnanian to provide additional information to establish that the position of Director, Visual Design is a specialty occupation.

17. K. Hovnanian's burden in this civil proceeding was only to establish by a preponderance of the evidence that it was more likely than not, i.e., greater than 50% probability, that the offered job is a specialty occupation. On October 31, 2018, in timely response to the RFE, and against USCIS's reading of the OOH as its evidentiary offering, K. Hovnanian filed a cover letter and supporting evidence, including the following key documents:

a. A 15-page letter by Mr. Richard Rigsby, K. Hovnanian's Vice President of Architecture and Mr. Acosta's proposed superior, confirming that the minimum educational requirement for the position is a bachelor's degree in Graphic Design, Industrial Design, or a related specialized field. Mr. Rigsby provided a list of proficiencies that are required to perform the duties. The letter contained a detailed job description showing the duties, percentage of time spent on each duty, specific tasks associated with each duty, and specific tools required for each duty. Furthermore, the letter provided a

detailed explanation of proposed projects providing visuals and a step-by-step explanation of phases and tasks.

b. An expert opinion letter by Professor John Bowers, Full Professor and Chair at the School of the Art Institute of Chicago ("SAIC"), along with evidence of Professor Bowers's credentials and qualifications to issue the said expert opinion letter. Professor Bowers opined on the hiring standard in the industry among companies similar to K. Hovnanian, concluding that a degree in Graphic Design, Industrial Design, or a related specialized field is the minimum educational requirement. Professor Bowers also found that in view of the complexity of the duties and the nature of K. Hovnanian's business, a Bachelor's-level education in Graphic Design, Industrial Design, or a related specialized field is the minimum educational requirement.

c. Organizational chart showing that Mr. Acosta is to supervise the work of two Graphic Designers and copies of the subordinates' resumes and educational credentials showing that they both hold at least a bachelor's degree. These items show Mr. Acosta's supervisory duties and highlight the advanced level of his duties. The fact that Mr. Acosta's subordinates are professional employees further proves the advanced level and complex nature of the proposed position.

18. On February 7, 2019, USCIS issued a decision denying K. Hovnanian's H-1B petition for the benefit of Mr. Acosta. The agency found that K. Hovnanian had failed to establish that the position of Director, Visual Design was a specialty occupation pursuant to 8 C.F.R. § 214.2(h)(4)(iii)(A). In doing so, it acknowledged but failed to discuss Professor Bowers's expert opinion letter. *See* Exhibit A at 3 (listing materials included in the response packet). Furthermore,

USCIS failed either to acknowledge or discuss, Mr. Rigsby's letter. Specifically, USCIS found that, in regard to the requirements at 8 C.F.R. § 214.2(h)(4)(iii)(A):

a. A bachelor's degree or higher in a specific specialty is not normally the minimum required for entry into the occupation of Graphic Designer, as per USCIS's interpretation of the OOH. *Id*. at 4.

b. A bachelor's degree or higher in a specific specialty is not common to the industry in parallel positions among similar organizations. *Id*. at 5.

c. The job duties, as described, do not convey the level of uniqueness or complexity that would warrant a bachelor's degree requirement. *Id.*

d. K. Hovnanian has not established that it normally requires a specialty degree for the offered position because the two subordinates do not have degrees in Industrial Design, as Mr. Acosta. *Id* at 6.

e. K. Hovnanian has not established that knowledge required to perform specified duties is associated with a degree. *Id.*

19. As a result of Defendant's action, Plaintiff has been deprived of the employment of Mr. Acosta and the benefits such employment would bring to its business efforts and objectives.

**Count One**
**Violation of the Administrative Procedure Act**
**5 U.S.C. § 701, *et seq.***

20. Plaintiff re-alleges and incorporated herein by reference, as if fully set forth herein, the allegation in Paragraphs 1-19 above.

21. The APA requires this Court to hold unlawful and set aside any agency action that is—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity; [or]

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right.

5 U.S.C. § 706(2).

22. USCIS's conclusion that K. Hovnanian had "not shown that the proffered position is a specialty occupation" was arbitrary and capricious inasmuch as it is inconsistent with USCIS regulations at 8 C.F.R. § 214.2(h)(4)(iii)(A)(1) as interpreted in *Next Generation Tech., Inc. v. Johnson*, No. 15 cv 5663 (DF), 2017 U.S. Dist. LEXIS 165531, at *30-31 (S.D.N.Y. Sep. 21, 2017) and at least 2,415 decisions of USCIS, all of which stand for the proposition that an occupation is a "specialty occupation" if "most" of the members of that occupation hold a degree in a specialized or related field. It is undisputed that most graphic designers, including Mr. Acosta, do hold such degrees.

23. USCIS acted arbitrarily, capriciously, and contrary to law in violation of the APA by denying K. Hovnanian's H-1B visa petition for the benefit of Mr. Acosta. In denying K. Hovnanian's H-1B visa petition, USCIS committed five errors warranting remedy—it rejected all five alternative possible bases under 8 C.F.R. § 214.2(h)(4)(iii)(A) on which the job offered to Mr. Acosta qualifies as a specialty occupation, even though Petitioner demonstrated that any one of the five grounds would be sufficient. Indeed, such a decision cannot stand in light of evidence presented before the agency, which, when properly analyzed under the applicable preponderance of the evidence standard, was more than sufficient to establish the existence of a specialty occupation. *See Matter of Chawathe*, 25 I&N Dec. 369, 375 (AAO 2010).

24. First, USCIS acted arbitrarily and capriciously in finding that the OOH indicates that a bachelor's degree or its equivalent in a specific specialty is not the normal minimum requirement for entry into the occupation of Graphic Designer. *See* Exhibit A at 4. USCIS erred in two ways: a) It erred in its interpretation of the definition of "specialty occupation" as it appears to believe that the definition mandates that the job require a bachelor's degree in a single specific specialty that precisely matches the occupation. This is not, and has never been, the correct interpretation of the definition of specialty occupation, since many occupations do not correspond to (or require) just one particular field of undergraduate study. The correct legal standard is whether the job requires a body of highly specialized knowledge supplied only by certain specialty degree fields. b) The OOH clearly indicates that at least a Bachelor's degree in a graphic design-related field is a common minimum qualification for this occupation. Specifically, in the Education section for Graphic Designers, the OOH states that "[g]raphic designers usually need a bachelor's degree in graphic design or a related field." USCIS may not arbitrarily apply portions of the OOH. Proper review of the OOH demonstrates that the position of Graphic Designers qualifies as a specialty occupation. Thus, USCIS's only purported evidentiary offering in opposition, when applied unabridged, supports K. Hovnanian's claim.

25. Second, USCIS failed to act in accordance with the law in finding that a degree requirement is not common to the industry in parallel positions among similar organizations. USCIS merely acknowledged but entirely disregarded Professor Bowers's expert opinion letter, which under the subheading titled "Industry Analysis of the Position of Director, Visual Design" reads, in part:

> Among educators and industry experts, it is widely recognized that individuals holding positions such as that of the Director, Visual Design

> herein must have a bachelors-level degree or higher in Graphic Design, Industrial Design, or a related field. … Furthermore, based on my expertise and background academically, as a professor in Graphic Design, Digital Communications Design, Visual Communications, and related fields, and in industry, I have observed that it is a common industry practice for companies with substantial requirements for state-of-the art design, such as K. Hovnanian, to hire for such positions from bachelor's-level programs in Graphic Design, Industrial Design, or a related specialized field. *See* Exhibit B at 11.

Such a failure to consider critical evidence violates the APA.

26. Third, USCIS arbitrarily and erroneously concluded that the job duties, as described, did not convey the level of uniqueness or complexity that would warrant the achievement of a specialized bachelor's degree. USCIS states that K. Hovnanian "did not sufficiently identify any tasks that are so complex or unique that are so complex or unique to provide sufficient explanation of why only an individual with a degree in a specific specialty could perform them." *See* Exhibit A at 5. USCIS fails to acknowledge and analyze the letter from Mr. Rigsby. *Id*. at 3. Mr. Rigsby, among other things, discusses the proposed projects that would require Mr. Acosta to be well-versed in such complex concepts as virtual modeling, 3D graphic representations of architectural designs, and augmented reality imagery. *See* Exhibit B at 19-20. USCIS's failure to consider critical evidence is contrary to the APA. Furthermore, USCIS entirely disregarded Professor Bowers's expert opinion letter, which contains a detailed explanation of why only a person with a bachelors-level degree or higher in Graphic Design, Industrial Design, or a related field would be fit for the role. *Id*. at 14-15.

27. Fourth, USCIS erred in finding that it could not determine whether K. Hovnanian normally requires a degree for the proffered position. In so finding, USCIS ignored the evidence presented, including the letter from Mr. Rigsby. Mr. Rigsby writes that Director, Visual Design is a unique opening and that K. Hovnanian does not have other employees with this title. Mr. Rigsby also writes that due to the complexity of the duties, K. Hovnanian "would only consider candidates with at least a bachelor's degree in graphic or industrial design." *See* Exhibit B at 16. In addition, USCIS misinterpreted key evidence. Specifically, the RFE response contained educational credentials and resumes of two Graphic Designers directly subordinate to Mr. Acosta. One Graphic Designer has a bachelor's degree in Architecture and the other a master's degrees in Architecture. *Id*. at 16. The purpose of submitting this evidence was to reinforce the complexity of the proposed position and was directly responsive to the RFE. It does not establish, nor was it intended to establish, K. Hovnanian's past employment practices, as mistakenly concluded by USCIS, since the Graphic Designer position is not the same as Mr. Acosta's proposed Director, Visual Design position.

28. Fifth, USCIS erred in finding that the record contained insufficient information to establish that the knowledge required to perform specified duties is associated with a bachelor's degree or higher. USCIS failed to consider the evidence submitted, such as extensive and detailed letters containing analysis and information from Mr. Rigsby and Professor Bowers. Both letters establish specialized knowledge bases required to perform the duties successfully and establish the level of complexity that is associated with the attainment of at least a bachelor's degree in a related specialty.

29. USCIS committed abject failures in its adjudication of Petitioner's petition. It failed to analyze critical, relevant evidence. It assigned improper weight and drew unfounded

conclusions and inferences based on the evidence Petitioner submitted. It misapplied or failed to apply the applicable statutory and regulatory framework and content, as well as the applicable preponderance of the evidence standard. Defendant's denial of Plaintiff's petition was arbitrary and capricious, unsound and indefensible, deprived Plaintiff and Mr. Acosta the immigration benefit for which he was qualified, and cannot stand.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Accept jurisdiction over this action;

(2) Hold Defendant's decision was unlawful under the applicable laws set forth above;

(3) Reverse Defendant's decision and/or order Defendant to approve Plaintiff's I-129 Petition for Nonimmigrant Worker on behalf of Mr. Acosta;

(4) Grant reasonable attorneys' fees and costs as provided under the Equal Access to Justice Act and the APA;

(5) Grant such further relief as the Court deems just and proper.

//

//

//

//

//

//

//

//

//

Dated: May 8, 2019

Respectfully submitted,

**JACKSON LEWIS, P.C.**

_*/s/ Forrest G. Read IV*_________
Forrest G. Read IV (Bar No. 494450)
3737 Glenwood Avenue, Suite 450
Raleigh, NC 27612
(919) 760-6460 (Telephone)
(919) 760-6461 (Fax)
Forrest.Read@jacksonlewis.com

Tanzeela Ahmad (Bar No. 1048781)
10701 Parkridge Blvd., Suite 300
Reston, VA 20191
(703) 483-8300 (Telephone)
(703) 483-8301 (Fax)
Tanzeela.Ahmad@jacksonlewis.com

Anna L. Susarina (*Pro Hac Vice* motion forthcoming)
44 South Broadway, 14th Floor
White Plains, NY 10601
(914) 817-8060 (Telephone)
(914) 946-1216 (Fax)
Anna.Susarina@jacksonlewis.com

*Counsel for Plaintiff*